IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,427-03






EX PARTE FRANKIE LANE POLK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1175958 IN THE 351ST DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
and sentenced to ninety-nine years' imprisonment. The Fourteenth Court of Appeals affirmed the
judgment of conviction as reformed. Polk v. State, No. 14-09-00131-CR (Tex. App.--Houston [14th
Dist.] Aug. 26, 2010 pet. dism'd).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to: (1) discover that Applicant had been placed on probation for a robbery
conviction alleged as a punishment enhancement; (2) present evidence that the DNA profile of an
unknown female was found in the crotch area of the underwear the complainant wore; (3) retain an
expert on DNA evidence; and (4) interview the complainant's mother. The trial court considered
Applicant's first claim but not his others. It concluded that trial counsel was not deficient for failing
to discover that Applicant had been placed on probation and that the error, if any, was harmless, if
such an error can be subjected to harmless error analysis. We believe that trial counsel should
respond to Applicant's claims and that the trial court should determine whether Applicant was
prejudiced under the standard set out in Strickland v. Washington, 466 U.S. 668, 698 (1984). 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Patterson, 993
S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant's claims. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: October 10, 2012

Do not publish